UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:13-CR-58 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| EALION LEE LANCE ) | |

### MEMORANDUM & ORDER

Before the Court is the objection of Defendant Ealion Lee Lance to the use of a previous conviction for the rape of a child as a crime of violence for purposes of his sentencing as a felon in possession of a firearm. (Docs. 71, 73–74.) The Government opposes Defendant's objection. (Doc. 72.) The parties argued the objection before the Court, and the Court took the objection under advisement. (Doc. 77.) Defendant has filed two citations to supplementary authority (Docs. 78, 79), to the second of which the Government has responded (Doc. 80). For the reasons that follow, the Court **GRANTS** the objection.

### I. BACKGROUND

On October 8, 2013, following a jury trial, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Defendant was sentenced on January 9, 2014. His base offense level was calculated as twenty-four based on his prior felony convictions for the sale of cocaine and for the rape of a child. *See* USSG § 2K2.1(a)(2) (base offense level for felon in possession is twenty-four if the defendant has two or more prior felony convictions for crimes of violence or controlled substance offenses). Defendant received a two-level enhancement because one of the firearms

he possessed was stolen, *see* USSG § 2K2.1(b)(4)(A), and a four-level enhancement for possession of a firearm in connection with another felony offense, *see* USSG § 2K2.1(b)(6)(B), yielding a final offense level of thirty. Defendant's resulting advisory range of 121 to 151 months was reduced to an effective range of 120 months based on the statutory maximum sentence of ten years set by 18 U.S.C. § 924(a)(2). Defendant was sentenced to a term of imprisonment of 120 months.

On November 12, 2015, the Court of Appeals for the Sixth Circuit affirmed Defendant's conviction and the applicability of the stolen-firearm enhancement, but reversed as to the four-level enhancement for use of a firearm in connection with another felony offense. The Court of Appeals remanded for resentencing. The Court of Appeals also stated that the parties could address before this Court Defendant's argument that enhancing his base offense level to twenty-four for his child-rape conviction was inappropriate under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The mandate issued on December 14, 2015.

Defendant then filed a sentencing memorandum objecting to the use of his 1995 conviction for rape of a child as a "crime of violence" under USSG § 2K2.1(a)(2). (Doc. 71.) Defendant argues the Tennessee child-rape statute in effect at the time of his conviction does not qualify as a "crime of violence" under the definition in USSG § 4B1.2, in that it is not an enumerated offense and it does not have as an element the use, attempted use, or threatened use of physical force. Defendant further argues that the residual clause of the USSG § 4B1.2 definition is void for vagueness in accordance with the Supreme Court's decision on the Armed Career Criminal Act (the "ACCA") in *Johnson*.

2

In response, the Government argues that "forcible sex offenses," listed in Application Note 1 to § 4B1.2, should be considered as enumerated offenses along with those listed in USSG § 4B1.2(a)(2). The Government further argues that rape of a child under Tennessee law is a forcible sex offense because a minor cannot give legal consent.

## II.    STANDARD OF REVIEW

The government bears the burden of proving a defendant's previous conviction of a crime of violence. *United States v. Bernal-Aveja*, 414 F.3d 625, 627 (6th Cir. 2005). Such proof must be by a preponderance of the evidence. *Id.* (citing *United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003)).

## III.    DISCUSSION

USSG § 2K2.1(a)(2) sets a base offense level of twenty-four for the unlawful possession of a firearm "if the defendant committed any part of the . . . offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." If the defendant has only one felony conviction for a crime of violence or a controlled substance offense, however, the base offense level is twenty. USSG § 2K2.1(a)(4)(A).

Defendant does not dispute that he has a prior felony conviction for a controlled substance offense. Whether Defendant's base offense level is twenty-four or twenty, therefore, depends on whether his prior conviction for rape of a child qualifies as a "crime of violence" under USSG § 2K2.1.

3

### A. The Definition of "Crime of Violence"

The application notes to § 2K2.1 state that "'[c]rime of violence" has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1, cmt. n.1. At the time of Defendant's resentencing hearing, USSG § 4B1.2(a) defined a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) Has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) Is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).[1] Application Note 1 to USSG § 4B1.2 provided as follows:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

USSG § 4B1.2, cmt. n.1 (emphasis added).

As commonly framed by courts, a crime may qualify as a "crime of violence" either if it satisfies the use-of-force clause or if its elements match the elements of the generic definition of one of the enumerated offenses. *See, e.g.*, *United States v. Covington*, 738 F.3d 759, 763–64 (6th Cir. 2014).

---
[1] The newly applicable language of § 4B1.2 is discussed below in Section III(D).

4

At the time of Defendant's original sentencing, a crime could also qualify as a "crime of violence" in a third way, by satisfying the "residual clause" of § 4B1.2(a)(2): "or otherwise involves conduct that presents a serious potential risk of physical injury to another." It is presumably because of the residual clause that Defendant did not object to a base offense level of twenty-four at his original sentencing. In 2015, however, the Supreme Court held that the identically worded residual clause of the ACCA's definition of "violent felony" is unconstitutionally vague, *Johnson*, 135 S. Ct. at 2557, and the Sixth Circuit has held that the reasoning of *Johnson* applies with equal force to the residual clause of the Guidelines' "crime of violence" definition. *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016).[2] Because the residual clause has been held unconstitutionally vague, the Court will not consider it further in its analysis.

In examining whether the use-of-force clause or the enumerated-offenses clause applies to a particular crime, a court must first determine the elements of the relevant crime. *See id.* at 762. Under what is known as the categorical approach, the court considers the elements of the relevant conviction, looking only to the statute defining the offense and the defendant's judgment. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). However, if the statute is "divisible"—i.e. if it contains more than one set of elements that may constitute the offense, and it is therefore impossible to tell under which set of elements the defendant was convicted—the court moves to the modified categorical approach. Under this approach, the court may consult a limited class of documents to determine which alternative in a divisible statute gave rise to a

---

[2] In doing so, *Pawlak* abrogated previous Sixth Circuit precedent holding that the Sentencing Guidelines are not susceptible to vagueness challenges. 822 F.3d at 911 (abrogating *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996)).

5


conviction. These documents include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). If a statute is divisible but every possible set of elements would constitute a crime of violence, the Court may continue with the categorical approach. *United States v. Mitchell*, 743 F.3d 1054, 1063 (6th Cir. 2014).

When considering whether a state crime constitutes a crime of violence under the Sentencing Guidelines, a federal court is bound by the state court's interpretation of the elements of its own state's criminal laws. *United States v. Rodriguez*, 664 F.3d 1032, 1037 (6th Cir. 2011) (citing *Johnson v. United States*, 559 U.S. 133, 138 (2010) ("*Curtis Johnson*")). Whether the crime actually constitutes a crime of violence, however, is a question of federal law. *Id.* (citing *Curtis Johnson*, 559 U.S. at 138).

### B. Tennessee's "Rape of a Child" Statute

Tennessee's "rape of a child" statute provided as follows at the time of Defendant's 1994 offense conduct:

> (a) Rape of a child is the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age.
>
> (b) Rape of a child is a Class A felony.

Tenn. Code Ann. 39-13-522 (1992).[3] "Sexual penetration" had the following definition at the relevant time:

---

[3] The only substantive amendment to subsection (a) since that time was the 2006 addition of a requirement that the victim be more than three years old. *See* 2006 Tenn. Pub. Acts, c. 890, § 22. At the same time, the legislature enacted Tennessee Code Annotated § 39-13-531, which created the offense of aggravated rape of a child if the victim is three years old or younger. *See* 2006 Tenn. Pub. Acts, c. 890, § 23.

sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required.

Tenn. Code Ann. § 39-13-501(7) (1989).

While there are disjunctive elements in both the child-rape statute and the definition of sexual penetration, both parties agreed during oral argument that the statute is indivisible for purposes of the present analysis. Therefore, the Court will follow the categorical approach, and will not look beyond the judgment in Defendant's child-rape conviction.

### C. The Use-of-Force Clause

The use-of-force clause in the Sentencing Guidelines' definition of "crime of violence" requires that a crime "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). "Physical force," in turn, means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140.[4] Force in this context is distinguished from its common-law definition, which could "be satisfied by even the slightest offensive touching." *See id.* at 139.

The use of force is not expressly included in Tennessee's child rape statute. *See* Tenn. Code Ann. 39-13-522(a)(1). Tennessee's definition of "sexual penetration" also supports the conclusion that physical force capable of causing pain or injury to the victim is not an element of child rape: any "intrusion, *however slight*, . . . into . . . any . . . person's body . . . ." Tenn. Code Ann. § 39-13-501(7) (emphasis added).

---

[4] *Curtis Johnson* addressed the term "physical force" as it is used in the definition of "violent felony" in the ACCA. "Physical force" is defined in the same manner in the Sentencing Guidelines' definition of crime of violence as it is in the ACCA. *United States v. Mendez*, 593 F. App'x 441, 443 (6th Cir. 2014).

7

Moreover, the Tennessee Court of Criminal Appeals has indicated force is not an element of the rape of a child. *Harris v. State*, No. M2002-00777-CCA-R3-PC, 2003 WL 1337832, at *7 (Tenn. Crim. App. Sep. 8, 2003). The *Harris* court compared Tennessee's child-rape statute with Tennessee's rape statute, Tenn. Code Ann. § 39-13-503(a)(1), which applies where "[f]orce or coercion is used to accomplish the act" of sexual penetration. The court concluded that "rape required an element, i.e. coercion, that rape of a child did not require." *Id.* Although the court mentioned only coercion in its conclusion, the clear implication is that neither coercion nor force is required by the Tennessee child-rape statute. *See also State v. Combs*, Nos. E2000-02801-CCA-R3-CD, E2000-02800-CCA-R3-CD, 2003 WL 31118329, at *57–58 (Tenn. Crim. App. Jan. 27, 2003) (holding, prior to enactment of child-rape statute, that proof of force or coercion was necessary to sustain conviction for rape, but not conviction for aggravated rape, which at the time included unlawful sexual penetration when the victim was less than thirteen years old).

The Court concludes that rape of a child under Tennessee law does not qualify as a crime of violence under the use-of-force clause of USSG § 4B1.2(a)(1).

### D. The Enumerated-Offenses Clause

The Government argues that Defendant's Tennessee conviction for rape of a child qualifies as a crime of violence through the enumerated-offenses clause because it is a "forcible sex offense." "Forcible sex offenses" are named in the Application Note of USSG § 4B1.2(a), but not in the Guideline itself. However, they still qualify as additional enumerated offenses under USSG § 4B1.2(a)(2). *See United State v. Wynn*, 579 F.3d 567, 574 (6th Cir. 2009) ("The commentary notes of . . . [§] 4B1.2 enumerate various offenses that are per se 'crimes of violence.'"); *see also United States v. Martin*, 378 F.3d 578, 581 (6th Cir. 2004) ("Because

8

neither the Guideline nor its application note names fleeing and eluding as a crime of violence, that offense must" meet one of the other tests in order to qualify as a crime of violence.) Moreover, the definition of "crime of violence" in Application Note 1 of USSG § 2K2.1 expressly refers to the definition of "crime of violence" in § 4B1.2(a) and in Application Note 1. Therefore, the Court may consider "forcible sex offenses" as an enumerated offense under the Guidelines.

There is no authoritative statement of the generic definition of "forcible sex offenses" in the Sixth Circuit. *See United States v. Gomez*, 628 F. App'x 400, 404 (6th Cir. 2015) (collecting cases explaining the difficulty of determining the generic elements of offenses that are not rooted in the common law). Neither party here proposes a generic definition of forcible sex offenses; they simply argue whether Tennessee's child-rape statute is "forcible."

During the resentencing hearing, Defendant argued that lacking a definition of "forcible sex offenses," the Court should look to the common definition of "forcible." *See, e.g.*, *United States v. Dye*, 538 F. App'x 654, n.2 (6th Cir. 2013) (employing common-law definition of term not defined in statute). The common definition of "forcible," Defendant argues, would take the Court back to the inquiry addressed in the previous section—whether the crime of conviction contained an element of force.[5] Because it does not contain a use-of-force element, Defendant argues his child-rape conviction cannot be a crime of violence under the Guidelines.

---

[5] Defendant's briefing appeared to argue "forcible sex offenses" must not only be enumerated offenses but also satisfy the use-of-force clause simply because they are enumerated offenses. To the extent Defendant intended to make this argument, the Court notes it has been rejected in this Circuit. *See United States v. Perez-Velasquez*, 67 F. App'x 890, 892 (6th Cir. 2003) (rejecting argument that enumerated crimes are crimes of violence only when they also have force as an element, as that would make the enumerated crimes mere surplusage).

9

The Government, by contrast, relies on *United States v. Perez-Velasquez*, 67 F. App'x 890 (6th Cir. 2003), which applied the definition of "crime of violence" in USSG § 2L1.2[6] to Tennessee's crime of statutory rape. Because a minor is not able to give legal consent to sexual intercourse, the court held in *Perez-Velasquez* that "sexual penetration of a minor without legally cognizable consent is necessarily 'forcible.'" *Id.* at 892. The Government therefore argues Tennessee's child-rape statute qualifies as a forcible sex offense.

As pointed out by Defendant, however, the Court of Appeals for the Sixth Circuit has also held that USSG § 2L1.2 takes in a more expansive range of sex crimes than does § 4B1.2. *See United States v. Wynn*, 579 F.3d 567, 774–75 (6th Cir. 2009) (discussing differences between the two sections and their application notes). At the time, the application note to § 2L1.2 expressly modified the term "forcible sex offenses" with the parenthetical "including sexual abuse of a minor"—language not found in the application note to § 4B1.2. The Government attempts to distinguish *Wynn* as being based on a misunderstanding of the Sentencing Commission's intention regarding the two sections, which misunderstanding the Government alleges has since been demonstrated by the Sentencing Commission's commentary

---

[6] At that time, § 2L1.2 contained the following definition:

"Crime of violence" –
   I. means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
   II. includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses *(including sexual abuse of a minor)*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

USSG § 2L1.2, cmt. n.1(B)(ii) (2001) (emphasis added).

10

regarding amendments proposed to bring the relevant definitions in § 2L1.2 "more into parallel with the definitions in § 4B1.2". (Doc. 72 at 8 (citing Proposed Amendment: "Crime of Violence" and Related Issues, Synopsis § C (Aug. 12, 2015).)  An expressed desire to bring two matters "more into parallel," however, indicates a recognition that they currently are not in parallel.  The Court does not find this a sufficient basis on which to depart from the decision in *Wynn*.  The Court therefore agrees with Defendant's position during his resentencing hearing that his child-rape conviction did not qualify as a "crime of violence" for purposes of setting his base offense level under the Guidelines as then in effect.

Finally, the Court observes that the current definition of "forcible sex offenses" in USSG § 4B1.2, which became effective on August 1, 2016, includes state-law convictions for sexual abuse of a minor or statutory rape "*only if* the sexual abuse of a minor or statutory rape . . . would have been an offense under [18 U.S.C. §] 2241(c) if the offense had occurred within the special maritime and territorial jurisdiction of the United States."  USSG § 4B1.2, cmt. n.1 (emphasis added).  The relevant section of the referenced statute, in turn, applies if a victim is under the age of twelve.  18 U.S.C. § 2241(c).  Because the statute applicable to Defendant's child-rape conviction was indivisible and required a victim under the age of thirteen, it took in more conduct than "forcible sex offenses" as defined in the Guidelines.

The Court concludes the Government has not met its burden of proving Defendant's Tennessee conviction for rape of a child qualifies as a crime of violence under USSG § 4B1.2.

11

## IV. CONCLUSION

Defendant's objection is **GRANTED**. Defendant's resentencing hearing will resume at **2:00 p.m. on Wednesday, November 23, 2016**.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**